[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT
The defendant husband, claiming the plaintiff wife has willfully violated pendente lite orders relating to the conduct of the parties and the care of their children, requests this court to hold the plaintiff in contempt and to impose sanctions. The defendant's request is denied.
The defendant husband contends the plaintiff violated this court's order directing her to bring the parties' two children to the marital home each day at a certain time. During the hearing on the defendant's motion for contempt, the parties focused on each other's conduct during the 1994 Easter Weekend of April 2nd and 3rd. The defendant claims the plaintiff violated the court's order by taking the children to her parents' home on Easter Sunday without his consent.
Even if it is assumed, arguendo, the plaintiff violated this court's order, the sanctions the defendant requests the court to impose are inappropriate. The defendant requests this court to impose the following sanctions: "incarceration; fines; awarding sole custody of the minor children to the defendant; payment of defendant's attorney's fees for the cost of bringing this motion." CT Page 11295 Fining the plaintiff or imprisoning her for a definite term would be purely punitive. While the sanctions would vindicate the authority of the court, the punishment would neither compensate the defendant for any losses nor would the punishment be a means of coercing compliance with the court's order. Before purely punitive sanctions can be imposed for an offense committed out of the presence of the court, the contemnor must be afforded the rights implicit in a criminal trial. See McTigue v. New London Education Assn.,164 Conn. 348, 356 (1973). Since the plaintiff was not afforded a criminal trial, imprisonment for a definite term or a fine for a certain sum would be illegal. Id. 164 Conn. 353-56. Ordering the plaintiff to pay the defendant's attorney's fees for the cost of bringing the motion for contempt would also be inappropriate. Such a sanction would be a meaningless gesture since the plaintiff has no income or assets.
The defendant requests as a sanction that the court award him sole custody of the minor children. Arguably, such a sanction could be remedial and could serve the purposes of the defendant's complaint. The remedy, however, is inappropriate in view of the limited evidence presented to this court on the motion for contempt.
The focal point of this case is the wife's accusations that the husband's conduct toward one of the parties' children has been improper. The husband vehemently denies the accusations. The parties have conducted extensive pre-trial discovery. They have retained and deposed experts. The children and parents have been evaluated by psychiatrists or psychologists. A family relations counselor from the Family Relations Division of the Superior Court has conducted a custody study and prepared a report. Over thirty court days have been devoted to this case by three judges. By October of 1993, the parties had incurred legal fees in excess of $100,000.00. To summarily decide the custodial issues without the benefit of the evidence gathered by the parties would not serve the ends of justice nor the needs of the children.
The crux of the defendant's motion for contempt is that he claims the plaintiff wrongfully took the children to the maternal grandparents home on April 3, 1994. The defendant took the children to the paternal grandparents home on April 2, 1994. In effect, the defendant wants this court to hold the plaintiff in contempt for engaging in conduct which is similar to the defendant's conduct. The defendant also claims that the plaintiff was tardy in bringing the children to the family home on various days. These claims do not justify the sanctions the defendant wishes the court to impose. CT Page 11296
The motion for contempt is denied.
THIM, JUDGE